UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE ASHIK ALI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0509 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He also seeks appointment of counsel.

I.　　Application to Proceed In Forma Pauperis

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II.　　Motion for Appointment of Counsel

Plaintiff has also requested the appointment of counsel. ECF No. 4. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In

1

certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Because the undersigned is recommending summary dismissal of this action, plaintiff cannot demonstrate the extraordinary circumstances necessary for the appointment of counsel. The motion for appointment of counsel will therefore be denied.

III.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

IV. Complaint

Plaintiff alleges that he was assaulted by another inmate, which resulted in his jaw being broken. ECF No. 1 at 7. He asserts three claims for relief based upon the treatment he received for his broken jaw after the assault. Id. at 9-12. In Claim One, he alleges that defendant San Joaquin County, through its employees, was negligent in its treatment of his broken jaw which resulted in delayed medical care. Id. at 9-11. In Claims Two and Three he asserts that defendant Ierokomas was negligent in his treatment of plaintiff's broken jaw and failed to obtain informed consent before performing surgery on plaintiff's jaw. Id. at 11-12.

////

3

V.  Subject-Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts, unlike their state counterparts, are courts of limited jurisdiction." Nw. Airlines, Inc. v. Transp. Workers Union of America, 451 U.S. 77, 95 (1981) (citing United States v. Standard Oil Co., 332 U.S. 301, 313 (1947)). "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's complaint is comprised solely of state negligence claims. ECF No. 1. However, this court does not have jurisdiction to hear state law claims unless there is diversity of citizenship or the complaint contains related federal claims. 28 U.S.C. §§ 1332, 1367. Diversity does not exist here because plaintiff and defendants are all located within California. ECF No. 1 at 1-2. Accordingly, the court can consider plaintiff's state tort claims only if he also brings a claim under federal law or the United States Constitution. The complaint does not allege any federal claims and plaintiff explicitly states that this is a "negligence action" and identifies the claims as claims for negligence. Id. at 4, 9, 11-12. Since plaintiff makes only state law claims and there is no diversity of citizenship, this court lacks subject-matter jurisdiction over the claims.

The court also notes that the complaint cites an ongoing civil matter in San Joaquin County Superior Court. ECF No. 1 at 2 (citing San Joaquin County Case No. STK-CV-UPI-2015-0010225). Inspection of the docket in that case reveals that plaintiff has simply taken the first amended complaint from his state court case, in which he is represented by counsel, and filed it in this court. Plaintiff is advised that should he attempt to initiate a new action with federal claims based upon the same incidents in his state court proceedings, that action may be subject to a stay under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Additionally, since plaintiff's state court action was initiated in 2015, it will likely be resolved before any federal action reaches merits determination, and the doctrine of res judicata may later bar this court's consideration of any potential federal claim. If plaintiff decides to pursue federal claims, he may want to consider speaking with his attorney about amending his state court complaint to add his federal claims.

4

VI.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the court lacks subject-matter jurisdiction over the claims. For these reasons, the undersigned finds that amendment would be futile and recommends dismissal of the complaint without leave to amend.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

The complaint should be dismissed without leave to amend because your complaint contains only state law tort claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court randomly assign a United States District Judge to this action.

2. Plaintiff's motion for appointment of counsel (ECF No. 4) is denied.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////
////
////
////

and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 SO ORDERED.

DATED: November 27, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE