UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ZANE ASHIK ALI, | No. 2:17-cv-0509 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, et al., | |
| Defendants. | |

On February 20, 2018,[1] plaintiff, a state prisoner proceeding pro se, filed a request for relief from a judgment pursuant to Federal Rule of Civil Procedure 60. EFC No. 11. He seeks relief from the District Court's judgment entered on January 26, 2018 (EFC Nos. 9, 10) because he needs additional time to file an opposition and an amended complaint. Id. Plaintiff concurrently filed a motion for a thirty day extension of time due to his limited access to the law library at the California Medical Facility. EFC No. 12.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion

---
[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

under Federal Rule of Civil Procedure 60(b) otherwise." Moore v. Mortg. Elec. Registration Sys., Inc., 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)). Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e). Taylor, 871 F.2d at 805 (construing motion filed under Rule 60 as a motion under Rule 59(e) because it was filed within the timeframe set by Rule 59).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

In plaintiff's motion for relief from judgment, he asserts that he needs additional time to file an opposition to the findings and recommendations and to amend his complaint. EFC No. 11. The motion fails to state any grounds that would make reconsideration proper under Federal Rule of Civil Procedure 59(e) and Local Rule 230(j) and the motion for reconsideration will be denied.

Plaintiff has also filed a motion for an extension of time to file objections, which will be denied because he fails to establish good cause for the request or excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff had twenty-one days to file written objections after being served with the court's findings and recommendations on November 27, 2017. EFC No. 8. He did not file for an extension of time within the twenty-one days, and in his current motion for an extension he fails to explain why an extension was not previously sought. EFC No. 12.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from a judgment (ECF No. 11) is denied;

////

////

2. Plaintiff's motion for a thirty day extension of time to file objections to the findings and recommendations (EFC No. 12) is denied.

IT IS SO ORDERED.

Dated: April 19, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE